UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

IN RE:

                                   :   Civil Action No.

APPLICATION UNDER 28 U.S.C. § 1782 TO
TAKE DISCOVERY FROM SOTHEBY'S, INC.    :
AND IRON MOUNTAIN INFORMATION
MANAGEMENT, LLC d/b/a CROZIER FINE ARTS :

------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR AN
ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: 212) 451-2999

*Attorneys for Applicants*

*Of Counsel*:
    Ian T. Clarke-Fisher, Esq.
    Janet Kljyan, Esq.

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES .............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

     A.     Background ......................................................................................... 2

     B.     New York Federal Court Action .......................................................... 3

     C.     Italian Proceeding ............................................................................... 3

     D.     Struna's Dealings with Sotheby's ....................................................... 4

     E.     Struna's Dealings with Crozier Fine Arts ........................................... 4

ARGUMENT ................................................................................................................... 5

I.     THE APPLICATION MEETS EACH OF THE STATUTORY
REQUIREMENTS FOR DISCOVERY ............................................................... 5

     A.     Sotheby's and Crozier Fine Arts Reside or Are Found in New York ................. 5

     B.     The Requested Discovery is For Use in the Foreign Italian Proceeding ............. 6

     C.     The Applicants are Interested Persons .................................................. 7

II.    THE COURT SHOULD GRANT THIS APPLICATION UNDER THE
DISCRETIONARY *INTEL* FACTORS .............................................................. 7

     A.     Sotheby's and Crozier Fine Arts are Not Participants in the Foreign
Proceeding........................................................................................... 8

     B.     The Italian Court Presiding Over the Claims of the Struna Estate Would be
Receptive to Materials Produced Pursuant to Section 1782 ................................ 8

     C.     The Applicants Do Not Attempt to Circumvent Foreign Evidentiary
Restrictions ......................................................................................... 10

     D.     The Discovery Sought is Targeted and Based on Confirmation of Prior
Business Dealings with Struna.............................................................. 11

III.   THE APPLICATION IS MADE ON NOTICE TO SOUTHBY'S, INC. AND
CROZIER FINE ARTS ..................................................................................... 11

CONCLUSION............................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Application of Malev Hungarian Airlines*,
    964 F.2d 97 (2d Cir. 1992)..................................................................................8

*In re Application of Sveaas*,
    249 F.R.D. 96 (S.D.N.Y. 2008) .....................................................................8, 11

*In re Catalyst Managerial Svcs., DMCC*,
    680 F.App'x 37 (2d Cir. 2017) ..........................................................................8

*In re China Construction Bank (Asia) Corp. Ltd.*,
    No. 23-MC-17(JMF), 2023 WL 3791711 (S.D.N.Y. June 2, 2023) ....................9

*In re del Valle Ruiz*,
    939 F.3d 520 (2d Cir. 2019)...............................................................................6

*In re Edelman*,
    295 F.3d 171 (2d Cir. 2002)...............................................................................6

*Euromepa, S.A. v. R. Esmerian, Inc.*,
    154 F.3d 24 (2d Cir. 1998)..................................................................................6

*Euromepa, S.A. v. R. Esmerian, Inc.*,
    51 F.3d 1095 (2d Cir. 1995)...............................................................................9

*IJK Palm LLC v. Anholt Serv. USA, Inc.*,
    33 F.4th 669 (2d Cir. 2022) ................................................................................5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) .........................................................................7, 8, 10, 11

*Lancaster Factoring Co. v. Mangone*,
    90 F.3d 38 (2d Cir. 1996)....................................................................................9

*In re Mariani*,
    No. 20-MC-152, 2020 WL 1887855 (JGK)(GWG) (S.D.N.Y. Apr. 16, 2020)........................9

*Mees* v. *Buiter*,
    793 F.3d 291 (2d Cir. 2015).....................................................................7, 8, 10

**Statutes**

28 U.S.C. § 1782............................................................................................... *passim*

*In re Application for Discovery Pursuant to 28 U.S.C. § 1782*, No. 19-MC-0102
   (SL), 2019 WL 4110442 (N.D. Ohio Aug. 29, 2019)...............................................9

**Rules**

Federal Rule of Civil Procedure 26 ...........................................................................11

## PRELIMINARY STATEMENT

Applicants, Alessandro Leonardi, Alessandra Leonardi and Anna Maria Zoni (the "Applicants") submit this memorandum of law in support of their application for judicial assistance pursuant to 28 U.S.C. § 1782 authorizing Applicants to serve Subpoenas duces tecum on Sotheby's. Inc. ("Sotheby's") and Iron Mountain Management, LLC d/b/a Crozier Fine Arts ("Crozier Fine Arts") to produce documents for use in a civil proceeding pending in Italy (the "Italian Proceeding").  The Italian Proceeding was commenced by Robert J. Frank, the Executor of the Estate of William Conrad Struna (the "Struna Estate"), against the Applicants after a nearly identical action filed in this Court was dismissed for lack of personal jurisdiction.[1]

The Italian Proceeding, like the prior action in this Court, is predicated upon a June 2016 transaction in which the late Renzo Leonardi purchased a bronze *Head of Fernande* (the "Bronze") from Struna for $1 million.  At the time of this transaction, the Bronze was suspected to potentially be an authentic Pablo Picasso work. Over a year after the sale, in December 2017, the Picasso Administration issued a certificate of authentication for the Bronze, and nearly three years later, in May of 2019, the deceased Leonardi sold the authenticated Bronze to a third party.  Upon learning of the subsequent sale, Struna commenced an action in this Court claiming that he was duped into selling the Bronze because he relied on alleged oral misrepresentations by Leonardi about the Bronze. Struna sued Leonardi's adult children, Applicants Alessandro and Alessandra Leonardi, claiming they were liable as Leonardi's heirs for his alleged fraudulent misrepresentations and breach of fiduciary duty, and his widow, Applicant Anna Maria Zoni, as an alleged aider and abetter of his fraud and breaches. After the dismissal of the prior New York Federal action for lack of personal jurisdiction and following Struna's untimely death, the Struna

---

[1] The matter of *Struna v. Leonardi, et al.* in the District Court of the Southern District of New York, with Civil Case # 1:21-cv-06040-PKC, was dismissed on September 8, 2022.

Estate commenced a similar proceeding in an Italian court in Bologna asserting nearly identical claims.

The purpose of the requested discovery is to acquire evidence to defend against the claims advanced by the Struna Estate in the Italian Proceeding that are predicated in part on the theory that Struna was a hapless seller of art who reasonably relied on alleged misrepresentations by Leonardi, an Italian physics professor for whom art was a hobby. The reality is that Struna was a sophisticated and seasoned art dealer who was involved in brokering and consummating numerous high value art transactions in the New York City metropolitan area. It is confirmed that Struna had a business relationship with both Sotheby's (a premier buyer, seller and broker of fine art) and Crozier Fine Arts (involved in storage and transport of fine arts), and the Applicants' proposed Subpoenas seek documents that may evidence Struna's numerous, sophisticated, decades-long art dealings. With Struna being deceased and with little information that is publicly available, this discovery is necessary to prove Struna's own expertise, belie any suggestion that he could have reasonably relied on alleged misrepresentations about the Bronze and demonstrate that his sale of the Bronze was a shrewdly calculated risk to dispense of a potentially valueless piece of art for $1 million.

Accordingly, the Applicants respectfully request that the Court grant their application under Section 1782, made on notice to both Sotheby's and Crozier Fine Arts, and permit the service of the proposed Subpoenas submitted herewith.

## STATEMENT OF FACTS

### A. Background

The Applicants are all Italian residents who have been sued by the Struna Estate in the Court of Bologna, Italy as the surviving heirs (the Leonardis) and widow (Zoni) of Renzo Leonardi.

Struna was the putative owner of the Bronze prior to its sale to the Leonardi.  (Clarke-Fisher Decl., Ex. C, ¶ 19.)  Struna and Leonardi had suspected that the Bronze may be an authentic Picasso work but were unable to confirm its authenticity at the time of their 2016 transaction.  (*Id.*, ¶¶ 19-26.)  On June 10, 2016, Struna and Leonardi, both represented by counsel, entered into the Sale Agreement, confirming the sale of the Bronze to Leonardi for $1,000,000. (*Id.*, ¶ 51.)  Over one year later, on or about December 10, 2017, following the continued efforts of Leonardi, the Picasso Administration issued a certificate of authentication for the Bronze.  (*Id.*, ¶ 58.)  A year and a half after obtaining the certificate of authentication and almost three years after the 2016 Sale Agreement, on or about May 17, 2019, the Bronze was sold to a third party.  (*Id.*, ¶ 61.)

## B.     New York Federal Court Action

In July of 2021, Struna commenced an action in the District Court for the Southern District of New York, with Civil Case # 1:21-cv-06040-PKC, alleging that Leonardi had deceived Struna into selling the Bronze for $1 million and asserting claims sounding in, *inter alia*, fraudulent inducement and breach of fiduciary duty.  (Clarke-Fisher, Decl., ¶ 5.)  As Leonardi had tragically died in July of 2019, Struna sued his adult children, Applicants Alessandro and Alessandra Leonardi, and his widow, Applicant Anna Maria Zoni, all of whom are Italian residents. (Clarke-Fisher Decl., Ex. C, ¶¶ 11-13, 66.)  The action was dismissed by the Honorable P. Kevin Castel on September 8, 2022 for lack of personal jurisdiction. (Clarke-Fisher, Decl., ¶ 5.)

## C.     Italian Proceeding

Upon Struna's death, Robert J. Frank, Esq. was allegedly appointed as the Executor of the Struna Estate, as recited in the Italian Complaint. (Canestrini Decl., ¶ 6.)  On or about April 19, 2023, Frank, as Executor, commenced a proceeding in the Court of Bologna, Italy asserting nearly identical claims against the Applicants under New York law.  (*Id.*, ¶¶ 5-8.)  In the Italian Proceeding, the Struna Estate is advancing the claim that Struna was a hapless seller of art who

was duped by Leonardi into selling the Bronze for $1 million.  (*Id.*, ¶¶ 9-10.)  Leonardi was a professor of physics in Italy, (Clarke-Fisher Decl., Ex. C, ¶ 20), while Struna was, upon information and belief, a professional and sophisticated New York City-based art dealer with decades of experience.  (Canestrini Decl., ¶ 10.)  With both Leonardi and Struna having died, the Applicants seek to gather documentary evidence establishing Struna's expertise in the purchase and sale of fine art in order to undermine any allegation of reasonable reliance on alleged misrepresentations regarding the Bronze. (*Id.*, ¶ 11.)

**D.    Struna's Dealings with Sotheby's**

Sotheby's, Inc., a premier purchaser, seller and broker of fine art, is incorporated in the State of New York with its principal place of business at 1334 York Avenue, New York, NY 10021. (Clarke-Fisher Dec., Ex. D.)  Sotheby's counsel, Mr. Paul Cossu, of Pryor Cashman LLP, has received a courtesy copy of the proposed Subpoena to Sotheby's and has confirmed that Struna had an account with Sotheby's and that Sotheby's does not object to responding to a legally enforceable subpoena in the form attached as Exhibit A to this application. (Clarke-Fisher Dec., ¶ 8.)   Accordingly, Applicants seek the production of documents evidencing the business relationship and transactions between or among Struna and Sotheby's.

**E.    Struna's Dealings with Crozier Fine Arts**

Crozier Fine Arts, a business involved in the storage and transport of fine art, has a place of business at 525 West 20th Street, New York, NY 10111, the location of its office and warehouse in the Chelsea neighborhood of Manhattan.  (Clarke-Fisher Dec., Ex. E.)  Based upon publicly available information, including Crozier Fine Art's "Terms and Conditions" published on its website and the New York Secretary of State's records, "Crozier Fine Arts" is a fictitious name for Iron Mountain Information Management, LLC, a Delaware limited liability company that is registered to do business in New York. (Clarke-Fisher Dec., Exs. F - G).

Upon information and belief, Struna utilized Crozier Fine Arts (or its predecessor, Cirker's Moving & Storage Co., Inc.) to store and transport the Bronze prior to, or in connection with, its sale to Leonardi.  (Clarke-Fisher Decl., ¶ 9; Ex. C, ¶ 35.) Upon information and belief, Struna had other dealings with Crozier Fine Arts/Cirkers involving the storage or transport of high-value artworks. (*Id.*) Accordingly, Applicants seek the production of documents evidencing the business relationship and transactions between or among Struna and Crozier Fine Arts.

## ARGUMENT

### I.   THE APPLICATION MEETS EACH OF THE STATUTORY REQUIREMENTS FOR DISCOVERY

Section 1782 allows federal district courts to authorize litigants to obtain evidence for use in foreign proceedings and provides that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or produce a document or other things for use in a proceeding in a foreign or international tribunal….  The order may be made…upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782.

Thus, a district court is authorized to grant an application pursuant to Section 1782 if an applicant satisfies the following statutory requirements: (1) the party from whom discovery is sought resides or is found in the district where the application is made; (2) the discovery is intended "for use" in a foreign proceeding; and (3) the application is made by an "interested person" in the foreign proceeding.  *IJK Palm LLC v. Anholt Serv. USA, Inc.*, 33 F.4th 669, 675 (2d Cir. 2022). The Application meets all of the statutory requirements.

### A.   Sotheby's and Crozier Fine Arts Reside or Are Found in New York

Both Sotheby's and Crozier Fine Arts reside or are found in New York.  The courts apply

a "flexible reading of the phrase 'reside or is found'" given that neither term is defined by the statute. *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002). The Second Circuit has "repeatedly recognized Congress's intent for Section 1782 to be "interpreted broadly" and held that the "statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 527 (2d Cir. 2019) (internal citations omitted).

Here, both Sotheby's and Crozier Fine Arts reside or are found in the Southern District of New York as both are registered to do business in New York and have a physical office in New York County where they operate their businesses. Sotheby's is incorporated in the State of New York with its principal place of business at 1334 York Avenue, New York, NY 10021. (Clarke-Fisher Dec., Ex. D.) Accordingly, Sotheby's resides and is found in New York.

Crozier Fine Arts has a place of business at 525 West 20th Street, New York, NY 10111, the location of its office and warehouse in the Chelsea neighborhood of Manhattan. (Clarke-Fisher Dec., Ex. E.) Based upon publicly available information, including Crozier Fine Art's "Terms and Conditions" published on its website and the New York Secretary of State's records, "Crozier Fine Arts" is a fictitious name for Iron Mountain Information Management, LLC, a Delaware limited liability company that is registered to do business in New York. (Clarke-Fisher Dec., Exs. F - G). Accordingly, Crozier Fine Arts resides and is found in New York.

**B.**   **The Requested Discovery is For Use in the Foreign Italian Proceeding**

The requested discovery is for use in a foreign proceeding currently pending in the Court of Bologna, Italy. The "for use in a proceeding in a foreign or international tribunal" factor turns on (1) whether there is actually a foreign proceeding; and (2) whether the foreign proceeding is adjudicative in nature. *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998). The Italian Proceeding was filed by the Struna Estate against the Applicants in April of 2023 asserting civil claims sounding in fraudulent inducement and breach of fiduciary duty. As set forth in the

Declaration of Nicola Canestrini, the Applicants' Italian counsel, the discovery from Sotheby's and Crozier will be utilized as evidence in support of the Applicants' defenses in the Italian Proceeding.

### C.     The Applicants are Interested Persons

The Applicants are interested persons in the Italian Proceeding because they are named defendants therein. See *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782 . . ."). Accordingly, this statutory element is met.

## II.    THE COURT SHOULD GRANT THIS APPLICATION UNDER THE DISCRETIONARY *INTEL* FACTORS

Where, as here, an application satisfies the statutory requirements, the district court also considers four discretionary factors in determining whether to grant the application. *Mees* v. *Buiter*, 793 F.3d 291, 297 (2d Cir. 2015). Each of these factors weighs in favor of granting the requested discovery.

In *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-66 (2004), the Supreme court delineated four factors for district courts to consider when deciding whether to grant a discovery request pursuant to Section 1782: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings abroad and the receptivity of the foreign government, court or agency to U.S. federal-court judicial assistance; (3) whether the Section 1782 application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request for discovery is unduly intrusive or burdensome. In considering these factors, the Court should keep in mind the twin aims of the Section 1782: "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging

7

foreign countries by example to provide similar means of assistance to our courts..." *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992).

A.    **Sotheby's and Crozier Fine Arts are Not Participants in the Foreign Proceeding**

The first discretionary factor weighs in favor of granting the requests because neither Sotheby's nor Crozier Fine Arts is a party to the Italian Proceeding.  The Supreme Court has recognized that "nonparticipants in the foreign proceeding may be outside of the foreign tribunal's reach; hence their evidence, available in the United States, may be unobtainable absent 28 U.S.C. § 1782." *Intel*, 542 U.S. at 264; *see also In re Application of Sveaas*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008) (finding a respondent's "status as a non-party in the foreign actions weigh in favor of granting [the] application.").

This Application is the only mechanism available to Applicants to obtain information from Sotheby's and Crozier Fine Arts, whose records concerning their dealings with Struna would be maintained in New York.  In any event, the Second Circuit has "rejected the requirement that an applicant must first seek discovery abroad before bringing a § 1782 petition." *In re Catalyst Managerial Svcs., DMCC*, 680 F.App'x 37, 41 (2d Cir. 2017).

B.    **The Italian Court Presiding Over the Claims of the Struna Estate Would be Receptive to Materials Produced Pursuant to Section 1782**

Under the second *Intel* factor, a court considering a Section 1782 request looks to the nature of the foreign tribunal, the character of the proceedings abroad and the receptivity of the foreign government, court or agency to U.S. federal-court judicial assistance.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). The Second Circuit has observed that courts may consider whether the "nature, attitude and procedures" of the foreign tribunal indicates its receptivity to Section 1782 assistance, even though that tribunal may not itself provide for a similar discovery mechanism. *Mees* v. *Buiter*, 793 F.3d 291, 303 n. 20 (2d Cir. 2015) (internal citations

omitted). There is a strong presumption that foreign tribunals will be receptive to evidence obtained in the United States. The Second Circuit has held that "[a]bsent specific directions to the contrary from a foreign forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance." *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995).  A court should only deny discovery on the basis of lack of receptiveness where it is provided with "authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of section 1782." *Id.* at 1100 (emphasis added).

Here, there is a reasonable basis to believe that the Italian Court will be receptive to evidence produced through Section 1782 discovery in the United States, and certainly no "authoritative proof" that it would not. The Applicants' Italian counsel of record believes that the Court in Bologna, Italy will consider the admission of evidence of Struna's prior art sales, subject to standard Italian evidentiary rules, and has no reason to believe that that court will deny the admission of the evidence based on the fact that it was obtained through a Section 1782 proceeding. (Canestrini Decl., ¶ 15).  Additionally, several courts have granted Section 1782 proceedings seeking discovery for use in Italian judicial proceedings.  *See, e.g.*, *Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 43 (2d Cir. 1996) (affirming granting of Section 1782 discovery for use in Italian judicial proceeding); *In re China Construction Bank (Asia) Corp. Ltd.*, No. 23-MC-17(JMF), 2023 WL 3791711, at *2 -3 (S.D.N.Y. June 2, 2023) (granting Section 1782 discovery for use in contemplated Italian judicial proceeding); *In re Mariani*, No. 20-MC-152, 2020 WL 1887855(JGK)(GWG), at *2 (S.D.N.Y. Apr. 16, 2020) (granting Section 1782 discovery for use in Italian judicial proceeding); *In re Application for Discovery Pursuant to 28 U.S.C. § 1782*, No. 1:19-MC-0102(SL), 2019 WL 4110442, at *3 (N.D. Ohio Aug. 29, 2019) ("There is no reason to think the Italian court would not be receptive to this Court's assistance in that regard. In addition,

any evidence that may result from granting this application will no doubt be evaluated by the judicial officer in the foreign proceeding . . .").

### C.   The Applicants Do Not Attempt to Circumvent Foreign Evidentiary Restrictions

The third *Intel* factor looks to "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. In the Second Circuit, this inquiry does not require a showing that a petitioner has attempted to obtain the requested information from the foreign tribunal. *Mees v. Buiter*, 793 F.3d 291, 303 (2d Cir. 2015) (Section 1728 "contains no foreign-discoverability requirement.").

Here, the discovery Applicants seek do not attempt to circumvent any proof-gathering restriction or public policy. (Canestrini Dec1., ¶ 16).  Rather, Applicants invoke Section 1782 in good faith to obtain highly relevant evidence for use in a pending proceeding in Italy. (Clarke-Fisher Decl. ¶ 2; Canestrini Dec1., ¶ 14.)  Documents and information that may be maintained by Sotheby's and Crozier Fine Arts located in this district are relevant to Applicants' defenses against claims of fraud and breach of fiduciary. The claims asserted by the Struna Estate are predicated on an alleged relationship of special trust arising from Leonardi's alleged "expertise" in art, and the allegation that Struna reasonably relied on alleged misrepresentations by Leonardi to sell the Bronze at the agreed-upon price.  The Applicants' motivation for seeking Section 1782 discovery here is precisely in line with Congress' goals in enacting Section 1782: "[T]o assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws[.]" *Intel*, 542 U.S. at 262

### D.    The Discovery Sought is Targeted and Based on Confirmation of Prior Business Dealings with Struna

The fourth *Intel* factor looks to whether the discovery requests are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Like all federal discovery, the proper scope of discovery under Section 1782 is governed by Federal Rule of Civil Procedure 26(b). *See In re 28 U.S.C. 1782*, 249 F.R.D. 96, 106 (S.D.N.Y. 2008). Accordingly, district courts retain "broad authority" under Rule 26 to fashion discovery orders issued pursuant to section 1782. *Id.* (quoting *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 102 (2d Cir. 1992)).

Here, Applicants' discovery request is narrowly tailored to include only documents relevant to the Italian Proceeding: evidence of prior business dealings and transactions with Struna concerning fine art.  It is confirmed that Struna had a business relationship with both Sotheby's and Crozier Fine Arts. (Clarke-Fisher Dec., ¶¶ 8-9.)  Each Subpoena propounds no more than three requests. The universe of documents and information sought from Sotheby's and Crozier Fine Arts is therefore not burdensome and falls well within the broad scope of discovery permitted under the Federal Rules.

## III.    THE APPLICATION IS MADE ON NOTICE TO SOUTHBY'S, INC. AND CROZIER FINE ARTS

While Section 1782 applications are typically filed *ex parte*, the Applicants are making this application on notice to Sotheby's. Inc. and Iron Mountain Information Management, LLC d/b/a Crozier Fine Arts.  Applicants' counsel has had discussions with Sotheby's counsel regarding the proposed Subpoena (who has stated that Sotheby's has no objection to responding to a legally enforceable subpoena in the form proposed as Exhibit A), (Clarke-Fisher Dec., ¶ 8), and will provide Sotheby's counsel with an "as filed" copy of the application.  Applicants will also provide an "as filed" copy of the application to Crozier Fine Arts at its office located at 525 W. 20th Street, NY, NY  10011.

## **CONCLUSION**

For the foregoing reasons, Applicants respectfully request that the Court (a) grant the application; (b) enter the Proposed Order submitted herewith; (c) authorize Applicants, pursuant to 28 U.S.C. § 1782, to serve the Subpoenas attached to the Declaration of Ian T. Clarke-Fisher as Exhibits A and B; and (d) grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       September 13, 2023

                                     Respectfully submitted,

                                     ROBINSON & COLE LLP

                                     Ian T. Clarke-Fisher, Esq.
                                     Janet Kljyan, Esq.
                                     666 Third Avenue, 20th Floor
                                     New York, New York 10017
                                     Telephone: (212) 451-2900
                                     Facsimile: 212) 451-2999
                                     Email: iclarke-fisher@rc.com
                                     Email: jkljyan@rc.com

                                     *Attorneys for Applicants Alessandro Leonardi, Alessandra Leonardi and Anna Maria Zoni*